IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-119 |
| | ) | |
| CHRISTIAN B. DRENNAN | ) | |

## THE UNITED STATES' SENTENCING MEMORANDUM

AND NOW, comes the United States of America, through its counsel, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said district, and respectfully submits its Sentencing Memorandum concerning the sentence of defendant Christian B. Drennan. The government requests a within-guideline sentence of 30-37 months. Such a sentence would be sufficient but not greater than necessary to meet the goals of sentencing.

### 18 U.S.C. § 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) directs this Court to impose a sentence that is sufficient to account for each of the relevant § 3553(a) factors but that is no longer than necessary. An analysis of the § 3553(a) factors in this case demonstrates that a sentence within the Guidelines range is warranted.

A. Nature of the Offense

This case involves the importation of the powerful and dangerous substance, fentanyl, from China to the United States. The Defendant was addicted to opioid medication. This addiction led him to become a fentanyl user and seek fentanyl on the Dark Net. After the

1

government shutdown of major Dark Net marketplaces, the Defendant sought fentanyl directly from China.

In October 2017, the Defendant received a letter from CBP indicating that items seized were improper for importation as controlled substances. Nevertheless, from April 2018 to August 2018, Drennan imported more than 32 grams and less than 40 grams of fentanyl from China in 12 separate packages. There is no evidence that the Defendant sold any of the fentanyl that he received.

The Defendant falsely used his father's name and his (now ex-) girlfriend's name as the recipient of these packages. Moreover, he placed his daughters and his (now ex-) girlfriend's life in danger as fentanyl residue was recovered from the living room, directly next to the sofa where the youngest daughter frequently slept.

While addicted to controlled substances, the Defendant possessed numerous firearms.

    B.    <u>History and Characteristics of the Defendant</u>

The Defendant has only one prior criminal conviction concerning recklessly driving a motorcycle through traffic at speeds exceeding 120 mph. Such reckless behavior mirrors the Defendant's reckless conduct in this case whereby he exposed those he loved to a dangerous substance.

    C.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense</u>

Congress requires sentencing courts to consider the need for the sentence imposed to reflect the seriousness of the offense. The importation and use of fentanyl is a very serious offense. Fentanyl is a substantially dangerous substances that is responsible for numerous deaths.

The shipment of fentanyl places those involved in Customs and the transportation industry at harm. Moreover, the Defendant placed others directly in harm's way by exposing his daughters and his (now ex-) girlfriend to fentanyl residue. A within guidelines sentence will reflect the seriousness of the offenses and the potential harm to which the Defendant exposed himself and others.

      D.   <u>The Need for the Sentence Imposed to Promote Respect for the Law</u>

Promotion of respect for the law is another laudable goal of sentencing. The Defendant ignored a prior CBP warning. He also sought fentanyl instead of treatment for his addiction. A within guidelines sentence will convey to the public and to the Defendant that the law needs to be respected and taken seriously.

      E.   <u>The Need for the Sentence Imposed to Provide Just Punishment</u>

Just punishment is another factor that Congress directs courts to consider when imposing a sentence. The Defendant is responsible for importing significant quantities of a highly dangerous controlled substance. In his sentencing memorandum, the Defendant argues that the loss of standing is nearly a sufficient enough punishment. *See* Defendant's Sentencing Memorandum, at 7. However, this is not a sufficient punishment for the importation of such a dangerous substance and placing himself and others at risk.

A within guidelines sentence would be just punishment.

      F.   <u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct</u>

Deterrence is an important consideration in determining a sentence. The sentence must deter the Defendant and others from engaging in similar conduct. A within guidelines sentence may deter others from importing fentanyl instead of seeking treatment.

G. The Need for the Sentence Imposed to Protect the Public

The Court must impose a sentence that will adequately protect the public from further crimes. The Defendant engages in reckless behavior which places himself and others at risk. A within Guidelines sentence may protect the Defendant and the public from such reckless and dangerous conduct.

## FORFEITURE

The government does seek forfeiture in this case.

## CONCLUSION

For all of the reasons set forth above, the government respectfully requests the Court impose a within guidelines sentence, which would be sufficient, but not greater than necessary, to meet the goals of sentencing.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ *Shardul S. Desai*
SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412/644-3500