# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 19-119<br>) |
| Christian B. Drennan, | )<br>)<br>) |
| Defendant | )<br>) |

## TENTATIVE FINDINGS AND RULINGS
## CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE

CONTI, Senior District Judge.

On June 4, 2019, defendant Christian B. Drennan ("defendant") pleaded guilty to: (1) conspiracy to import fentanyl into the United States, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 963 (count one); and (2) possession of firearms by unlawful user, in violation of 18 U.S.C. § 922(g)(3) (count two).

The Probation Office filed a Final Presentence Investigation Report ("PIR"). Pursuant to Local Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the PIR prepared by the Probation Office. Neither party raised any objection to the PIR.

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the court must consider is "the kinds of sentence and the sentencing range established" under the

1

United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense. At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth in § 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

**Offense Level Computation**

1.  In accordance with U.S.S.G § 3D1.1(a) and (c), counts one and two are grouped.

2.  The adjusted offense level applicable to the group is the highest adjusted offense level applicable to a count in the group. U.S.S.G. § 3D1.3(a) n.2. Here, the offenses at each of counts one and two produce an adjusted offense level of 22. See U.S.S.G. §§ 2D1.1 and 2K2.1. The court will apply the guideline calculation applicable to count one to the group.

3.  The sentencing guideline applicable to count one is U.S.S.G. § 2D1.1 and calls for a base offense level of 22 because the type and quantity of controlled substance attributable to defendant is at least 32 grams, but less than 40 grams, of fentanyl. U.S.S.G. § 2D1.1(c)(9).

4.  Pursuant to U.S.S.G. § 2D1.1(b)(1), the offense level is increased by 2 levels because dangerous weapons, i.e., firearms, were found in defendant's residence during the execution of the search warrant in this case.

5.  Pursuant to U.S.S.G. § 2D1.1(b)(17), if the defendant meets the criteria set forth in U.S.S.G. § 5C1.2(a)(1)-(5), the offense level is decreased by 2 levels. Defendant satisfies the

conditions set forth in subdivisions (1)-(5). Defendant's base offense is, therefore, decreased by two levels.

6. Defendant's offense level is decreased by 2 levels because defendant clearly demonstrated acceptance of responsibility for the offense. U.S.S.G. § 3E1.1(a).

7. The offense level is decreased by 1 level because defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying the authorities of his intent to enter a plea of guilty. U.S.S.G. § 3E1.1(b).

8. Defendant's total offense level is 19.

**Criminal History**

9. The total criminal history score is 0. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 0 establishes a criminal history category of I.

**Imprisonment**

10. The statutory maximum term of imprisonment at count one is 20 years. 21 U.S.C. §§ 841(b)(1)(C) and 963. The statutory maximum term of imprisonment at count two is 10 years. 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

11. Based upon a total offense level of 19 and a criminal history category of I, the guideline imprisonment range is 30 months to 37 months.

**Supervised Release**

12. The statutory minimum term of supervised release to be imposed at count one is at least three years. 21 U.S.C. § 841(b)(1)(C). Because defendant is eligible for the safety valve, however, defendant is not subject to the statutory minimum sentence of supervised release. U.S.S.G. § 5D1.2 cmt. (n.2). Pursuant to 18 U.S.C. § 3583(b)(2), defendant at count one is

subject to a statutory maximum term of supervised release of three years.

13. The statutory maximum term of supervised release at count two is three years. 18 U.S.C. § 3583(b)(2).

14. Multiple terms of supervised release shall concurrently run. 18 U.S.C. § 3624(e).

15. As discussed above, defendant is eligible for the safety valve. The offenses at each of counts one and two are Class C felonies. The guideline range for a term of supervised release is, therefore, one to three years. U.S.S.G. § 5D1.2(a)(2).

**Probation**

16. Defendant is statutorily eligible for a term of probation of not less than one year, nor more than five years, because the offenses at each of counts one and two are Class C felonies. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. Id.

17. Multiple terms of probation shall concurrently run. 18 U.S.C. § 3564(b).

18. The applicable guideline range is in Zone D of the Sentencing Table. Defendant is, therefore, ineligible for probation under the guidelines. U.S.S.G. § 5B1.1, cmt. (n.2).

**Fines**

19. The maximum statutory fine for count one is $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). The maximum statutory fine for count two is $250,000.00. 18 U.S.C. § 3571(b).

20. The guideline fine range in this case is $10,000.00 to $1,000,000.00. If defendant is convicted under a statute authorizing (A) a maximum fine greater than $250,000, or (B) a fine for each day of violation, the court may impose a fine up to the maximum authorized by the statute. U.S.S.G. § 5E1.2(c)(3) and (4).

21. A special assessment of $100.00, at each count, for a total special assessment of $200.00, is mandatory, pursuant to 18 U.S.C. § 3013.

**Forfeiture**

22. Defendant will forfeit all property subject to forfeiture under 21 U.S.C. § 853(a) including the following: a LG Nexus cellphone (#35362078828626), an Alienware D23M computer (#399NSSD2), an Alienware laptop (#8DSDMI), digital scales, narcotics paraphernalia, stampers with dye, bag of empty capsules, bag of lactose, bag of rubber bands, unused stamp bags, and syringes.

23. Defendant will forfeit the following firearms and ammunition in accordance with 18 U.S.C. § 924(d):

- a Mossberg 500 12-gauge shotgun (serial number T683367);
- a Kimber 45 pistol (serial number KU245590);
- a Smith & Wesson 500 revolver (serial number CWX3428);
- a HS Products XDM 45 pistol (serial number MG627442);
- a Ruger P89 9-caliber pistol (serial number 315-13672);
- a HS Products XDM 45 pistol (serial number MG627442);
- a HS Products XDS 45 caliber pistol (serial number XS527813);
- a HS Products XDM 40 pistol (serial number MG229370);
- a Bushmaster Firearm XM15-E2S 223-caliber rifle (serial number L256218);
- a Ruger LC9 9-caliber pistol (serial number 323-35916);
- a Taurus 44-caliber revolver (serial number HP908314);
- a Walther 22-caliber pistol (serial number WA045542);

- a Beretta Pietro PX4 Storm 45-caliber pistol (serial number PX17163);

- a Taurus International Curve 380-caliber pistol (serial number 75577E);

- a Walther HK MP5 rifle (serial number WG016222);

- a Phoenix 22 mm pistol (serial number 4128763);

- a Norinco SKS 7.62 rifle (serial number 26008927);

- 9 mm ammunition, 12-gauge shotgun shells;

- .233 ammunition; and

- 50-caliber ammunition.

Date:   September 27, 2019                    BY THE COURT:

                                                        /s/ *Joy Flowers Conti*
                                                       Joy Flowers Conti
                                                       Senior United States District Judge